IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JOHN WILLIAM SCHARNHORST, III                                                    PLAINTIFF

        v.                    Civil No. 5:22-CV-05238-TLB-CDC


CHIEF DEPUTY JAY CANTRELL; CORPORAL CAUDLE;
CORPORAL DOMINICK NUNZIATO; DEPUTY FRYE;
DEPUTY BECK; DEPUTY DRUMRIGHT; DEPUTY BILBREY; and
DEPUTY MARTINEZ                                                                  DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff John William Scharnhorst, III, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on Plaintiff's Motion for Contempt.[1]  (ECF No. 60).  Defendants have filed a Response in Opposition to Plaintiff's Motion for Contempt.  (ECF No. 62).  Plaintiff has not replied, and the Motion is ripe for the Court's consideration.

## I.  BACKGROUND

In this case,[2] after conducting a preserve review of the Complaint pursuant to 28 U.S.C.

---

[1] There are three other motions pending before the Court: Defendants' Motion for Summary Judgment, (ECF No. 34), Plaintiff's Motion for Subpoena, (ECF No. 59), and Plaintiff's Motion for an Extension of Time to Respond, (ECF No. 63).   Those motions will be addressed separately.
[2] This section includes only the background relevant to the Court's analysis of the Plaintiff's Motion for Contempt.

§ 1915A(a), this Court recommended that the individual and official capacity claims against Defendants Cantrell, Caudle, Frye, Beck, Nunziato, Drumright, Bilbrey, and Martinez proceed with all remaining claims dismissed without prejudice. (ECF No. 8). This Court then entered an order directing service of Plaintiff's Complaint on the remaining defendants.  (ECF No. 9).  On February 14, 2023, Judge Brooks adopted those recommendations without objection.  (ECF No. 11).

On March 6, 2023, Defendants Cantrell, Caudle, Frye, Beck, Drumright, Bilbrey, and Martinez filed an Answer. (ECF No. 13). Consistent with the Court's service order, the Defendants explained that no service could be executed on "Defendant Nunziato" because WCDC officials could not determine which employee with the surname "Nunziato" was the intended defendant.  *Id.*  Considering that there were multiple WCDC employees with the surname "Nunziato" during the timeframe alleged in the Complaint, on March 21, 2023, this Court ordered Plaintiff to provide further identifying information about "Defendant Nunziato, such as a first name, first initial, date/time of his shift, etc." (ECF No. 14). That same day, this Court ordered the Defendants to either file a motion for summary judgment on the grounds that Plaintiff failed to first exhaust his administrative remedies with respect to his claims before filing this action in accordance with 42 U.S.C. § 1997e(a) by May 5, 2023, or promptly file a notice informing the Court and parties that they did not intend to pursue such a defense.  (ECF No. 15).

On April 11, 2023, after receiving Plaintiff's response to the Court's order directing him to provide more identifying information on Defendant Nunziato, this Court ordered Plaintiff's Complaint be served on "Dominick Nunziato," (ECF Nos. 19-20), and on April 24, 2023, Defendant Dominick Nunziato answered. (ECF No. 23). On May 4, 2023, Defendants Cantrell,

Caudle, Frye, Beck, Drumwright, Bilbrey, and Martinez filed a notice informing the Court and parties that they did not intend to pursue the defense that Plaintiff first failed to exhaust his administrative remedies before initiating this action in federal court.   (ECF No. 24).   That same day, this Court entered an initial scheduling order governing discovery and requiring any motion for summary judgment be filed by October 2, 2023.   (ECF No. 25).

Defendants requested (and received) two extensions of time to file their motion for summary judgment on the merits. (ECF Nos. 30-33). On October 24, 2023, Defendants filed their Motion for Summary Judgment on the merits, along with a statement of facts, and twenty-two (22) exhibits, in support.   (ECF Nos. 34, 35).   On October 25, 2023, Defendants filed a memorandum in support of their Motion for Summary Judgment, (ECF No. 37), and this Court directed Plaintiff to respond, providing instructions on how to respond. (ECF No. 36). Plaintiff has since requested and received three extensions of time to respond, citing, among other things, delays in receiving his legal mail at the Arkansas Division of Correction ("ADC"), (ECF No. 39), delays in obtaining access to the prison law library, (ECF No. 43), and scheduling constraints limiting his access to the prison law library. (ECF No. 57).   Plaintiff's response was due by March 22, 2024.[3]   (ECF No. 58).

While Plaintiff's response to the Defendants' Motion for Summary Judgment was pending, he filed the present Motion for Contempt.   (ECF No. 60).   In this motion, Plaintiff alleges for the first time that on August 10, 2023 – notably more than six months ago – he sent Defendants a request for production asking for "color copies of all letters from [him] retained by

---

[3] On March 25, 2024, Plaintiff filed another Motion for Extension of Time to File his Response, suggesting his voluminous response should be received by the Court by March 27, 2024. (ECF No. 63).   The Court has not yet considered this additional Motion.

WCDC staff." (ECF No. 60). Plaintiff says Defendants received this request for production on August 14, 2023, and responded that "Defendants do not have any other copies of letters from Plaintiff except those which have been previously provided." *Id.*   Plaintiff says he did not receive the letters he mailed Defendants – attached as Exhibit Y – until October 11, 2023, when they were "accidentally included in a package of production." *Id.* As this Court understands it, Plaintiff is alleging that Defendants' failure to produce the letters after Plaintiff first requested them in August constitutes contemptuous conduct.  *See id.*   In response, Defendants deny that their conduct was contemptuous and deny they violated either this Court's initial scheduling order or the Federal Rules of Civil Procedure. (ECF No. 62).   In this instance, the Court agrees with Defendants.

## II.   LEGAL STANDARD

Plaintiff requests that Defendants be found in contempt for violating the Court's initial scheduling order and the Federal Rules of Civil Procedure. (ECF No. 60). "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers*, 207 F.3d at 505 (citing *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)).   If the moving party meets that initial burden, the burden then shifts to alleged non-moving party to show inability to comply.   *Id.* To establish an inability to comply, the alleged contemnors must establish: "(1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not 'self-induced;' and (3) that they made in good faith all reasonable efforts to comply."   *Id.* at 506 (internal citations omitted).

4

## III.   ANALYSIS

When considering Plaintiff's Motion for Contempt, the first question to be answered is whether Defendants violated a court order.

Plaintiff says Defendants violated the Court's initial scheduling order and the Federal Rules of Civil Procedure by failing to produce his October 29, 2022, and September 15, 2022, letters ("Exhibit Y") when Plaintiff first requested them in August 2023. (ECF No. 60).   According to Plaintiff, although the Defendants responded to his request for production saying that they "do not have any other copies of letters from Plaintiff except those which have been previously provided," Exhibit Y *had not* been previously provided to him and those letters were not disclosed to him until October 11, 2023.   *Id.*

### A.   The Court's Initial Scheduling Order

With respect to Plaintiff's contention that Defendants violated this Court's initial scheduling order, the undersigned points out that the order provides, in pertinent part:

> A.   By **June 19, 2023**, Defendant(s) shall provide Plaintiff with a copy of all incident reports documenting incidents referenced in the Plaintiff's complaint, including any color photographs, and video footage [footnote omitted] of the same, and shall also provide Plaintiff with a copy of all medical requests, grievances, and photographs in the Plaintiff's file, as well as any written policies, which relate to the facts recited in Plaintiff's complaint.   In instances in which the Plaintiff is incarcerated, if any video footage provided to Plaintiff is returned to defense counsel by the institution of incarceration, defense counsel shall provide a copy of this order to the appropriate official of the institution and this order shall serve as authorization for the
> Plaintiff to view the video.
> B.   Defendant(s) shall supplement the above disclosures with any new information relating to the above disclosures within 10 days of becoming aware of such information.
> C.   Following the above disclosures, each party may engage in discovery under the Federal Rules of Civil Procedure, but

5

all discovery in this case must be completed by **September 1, 2023**.
Problems with discovery should be brought to the Court's attention
by the filing of a motion to compel, which must be filed within 20
days after the discovery response was due. Before any party files
such a motion, however, the party must in good faith confer or
attempt to confer with the opposing party in an effort to resolve the
discovery matter without court action. A motion to compel must
contain a certification that the movant has so conferred pursuant to
Fed. R. Civ. P. 37(a)(1).

(ECF No. 25) (footnote omitted) (emphasis added).    Originally, the scheduling order also directed

Defendants to file a motion for summary judgment by October 2, 202; as noted, the Court modified

this scheduling order twice by extending the deadline for filing such a motion.    (ECF No. 30-33).

The Court made no other modifications.

On June 19, 2023, the Defendants filed the following notice with the Court:

**Plaintiff has previously been provided with a copy of his
Washington County Detention Center inmate file which
included medical requests, medication logs, grievances, incident
reports, etc. (See Notices of Disclosures filed 10/18/22 and again
on 05/15/23, Doc. Nos. 19 and 71, in the matter of *Scharnhorst v.
Denzer, et al.* U.S.D.C. No. 5:2-cv-05138 TLB-MEF**, Notice of
Disclosures filed 01/03/23, Doc. No. 34, in the matter of
*Scharnhorst v. Cantrell, et al.*, U.S.D.C. No. 5:22-cv-5176-TLB-
CDC, and Notice of Disclosures filed 04/25/23 in the matter of
*Scharnhorst. Helder, et al.*, U.S.D.C. No. 5:22-cv-05167-TLB-
CDC) Plaintiff has also previously been provided with a copy of the
Washington County Detention Center Handbook in its entirety and
Washington County Sheriff's Office Detention Center Policies
including 9.00 No Pain and Inalienable Rights, D11.2 Detainee
Recreation and Leisure Activities, D11.3 Detainee Acquisition of
Legal References, D11.5 Detainee Grievance Procedures, and
D11.6 Detainee Request Procedures, D2.8 Preliminary Health
Screening and D8.0 Medical, Dental and Psychiatric Care. On or
about March 3, 2023, Plaintiff was provided with a USB drive which
contained all previously requested videos relating to Plaintiff's
seven pending federal civil cases. Plaintiff has also been previously
provided with Jail ATM reports regarding uploaded newspapers. In
Case No. 5:22-cv-5138, Plaintiff was provided with Defendants'
Response to Requests for Production submitted to Plaintiff on
February 13, 2023. In the matter of *Scharnhorst v. Cantrell, et al.*

6

U.S.D.C. No. 5:22-cv-5176, Plaintiff was previously provided with a copy of his inmate mail history, COVID policy, mail log, and partial jail medical file. Plaintiff has also been previously provided with a complete copy of his WCDC jail medical file. Defendants have provided Plaintiff, with this Notice of Disclosure, an additional policy relevant to the claims presented in the present case including D8.7 Inmate Cleanliness and Facility Sanitation.

      Defendants are currently unaware of any other documents, photographs, or video footage which relates to the facts giving rise to Plaintiff's claim. Should any such documents, photographs, or video footage be found in the future, Defendants will forward them to the Plaintiff in a supplemental response. Should Plaintiff be aware of or suspect any such documents, photographs, and/or video footage, if he will describe those items with as much particularity as possible, Defendants will attempt to locate those items. In the event that this Court deems that other records, information and/or documentation are relevant to this action, the Defendants will provide a supplemental response upon request for same.

(ECF No. 29) (hereinafter "Notice of Initial Disclosure") (emphasis added).

Defendants' June 19, 2023, Notice of Initial Disclosure identified materials purported to have been previously disclosed to Plaintiff.  Relevant here, Defendants refer to their Notice of Initial Disclosure to Plaintiff in a related matter, *Scharnhorst*, 22-CV-5138 (ECF No. 71). *See* (ECF No. 29). That Notice says, in turn, that "Plaintiff has also been provided with correspondence submitted on 09/05/22 and 10/29/22 to Capt. Ake, and on 11/02/22 to Cpl. Mulvaney, and on 11/02/22 to Chief Deputy Cantrell, and 11/02/22 to Major Denzer." *Scharnhorst*, 22-CV-5138 (ECF No. 71, p. 2).  The Notice is dated May 15, 2023.  *Id.*   Further, in response to United States Magistrate Judge Mark Ford's order granting Plaintiff's Motion to Compel in *Scharnhorst*, 22-CV-5138, Defendants filed a separate, earlier Notice on April 10, 2023, which described, among other things, a copy of a letter Plaintiff sent to Captain Ake with date of October 29, 2022. *Scharnhorst*, 22-CV-5138 (ECF No. 66-3, p. 4). The Court observes these Notices include the exact letter Plaintiff claims was not disclosed to him until October 11, 2023. (ECF No. 60., pp. 4-

7

7).

On this record, the Court finds no merit to Plaintiff's contention that a copy of his October 29, 2022, letter to Captain Ake was not disclosed to him until October 2023.   The record illustrates Plaintiff received notification of disclosure of the letter on three occasions – on June 19, 2023, in the Defendants' Notice of Disclosure in this case, (ECF No. 29), and twice in *Scharnhorst*, 22-CV-5138 (ECF Nos. 66, 71), on April 10, 2023, and May 15, 2023, respectively.   A copy of the letter itself was filed in the Court record, *see Scharnhorst*, 22-CV-5138 (ECF No. 66-3, p. 4).   Plaintiff's contention that Defendants failed to comply with the Court's initial scheduling order with respect to the disclosure of this letter is unfounded.

This leaves the question of when Plaintiff's September 15, 2022, letter to Defendant Cantrell was disclosed.   Returning to the notices, Defendants' Notice of Initial Disclosures, filed in compliance with the Court's initial scheduling order, refers to the disclosures Defendants previously made in *Scharnhorst*, 22-CV-05138.   (ECF No. 29).   The Notice – filed May 15, 2023 – says that "Plaintiff has also been provided with correspondence submitted on . . . 11/02/22 to Cpl. Mulvaney, and on 11/02/22 to Chief Deputy Cantrell, and 11/02/22 to Major Denzer." *Id.* (ECF No. 71, p. 2).   This Notice does not expressly mention Plaintiff's September 15, 2022, letter to Defendant Cantrell, and Plaintiff maintains he did not receive a copy of this letter for five more months, or until October 2023. (ECF No. 60). But even if this five-month delay is accurate, it does not – as Plaintiff seems to argue – lead to the conclusion that Defendants violated the Court's scheduling order.

To the contrary, the Court's scheduling order requires the Defendants to "supplement [] disclosures with any new information relating to the above disclosures within 10 days of becoming

8

aware of such information." (ECF No. 25).   This requirement is consistent with the Federal Rules of Civil Procedure, which provides, in pertinent part, that "[a] party who has made [initial disclosures] under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff claims he "accidentally" received a copy of the September 15, 2022, letter, and that the Defendants initially and intentionally misrepresented to the Court that they had no "record or memory" of the letters Plaintiff had sent them.   (ECF No. 60, p. 2).   The Court is simply not willing to adopt Plaintiff's characterization of the record.   First, Plaintiff's argument ignores the reality that the Defendants are required – by this Court's order and the Rules of Civil Procedure – to supplement disclosures as they become known to them.   Said differently, the Court views Defendants' disclosure of the September 15, 2022, letter in October of 2023 as evidence of Defendants' *compliance* with their discovery obligation, not their failure (or even reluctance) to comply.   Second, Plaintiff's argument is wholly conclusory.   While Plaintiff claims Defendants should have remembered and retained his letters, Plaintiff apparently did not keep his own copies, and the record does not suggest Plaintiff remembered the letters with sufficient specificity to assist the Defendants in locating them.   Finally, Plaintiff does not allege any facts to suggest that the Defendants did not timely produce the September 15, 2022, letter when it became known to them. Accordingly, the undersigned finds no basis for concluding Defendants failed to comply with the Court's initial scheduling order when producing in 2023 a copy of Plaintiff's September 15, 2022, letter to Defendant Cantrell.

### B. *Federal Rules of Civil Procedure*

Plaintiff next contends that Defendants' purported untimely disclosure of the October 29, 2022, and September 15, 2022, letters violated the Federal Rules of Civil Procedure. (ECF No. 60). Again, the Court cannot agree. As previously noted, the record shows that the October 29, 2022, letter at issue was filed with the Court on April 10, 2023, in *Scharnhorst*, 22-CV-5138 (ECF No. 66-3, p. 4). Plaintiff received notice of this disclosure in the Defendants' Notice of Initial Disclosure in this case. (ECF No. 29). The Court thus finds Defendants' response factual; Defendants accurately responded to Plaintiff's August 2023, request for production by saying that the requested document – i.e., the October 29, 2022, letter to Captain Ake – already had been disclosed.

Plaintiff has also failed to establish that Defendants violated the Federal Rules of Civil Procedure with respect to their disclosure of Plaintiff's September 15, 2022, letter to Defendant Cantrell. Plaintiff complains that he asked for it in August 2023, and it was not produced until October 2023, two months later and only after the Defendants first represented that they "do not have any other copies of letters from Plaintiff except those which have been previously provided." (ECF No. 60). But, as noted above, Plaintiff's complaint about timing ignores the fact that the Federal Rules of Civil Procedure expressly contemplates the parties' *continuing discovery obligation*. Fed. R. Civ. P. 26(e). For his part, Plaintiff accuses the Defendants of "lying," but he provides no basis in fact for this Court to conclude that Defendants intentionally misrepresented that they "[did] not have any other copies of letters from Plaintiff except those which have been previously provided" when they responded to his August 2023 request for production. (ECF No. 60). By contrast, the Court reiterates that Defendants' disclosure of the letter in October 2023

reflects that Defendants – recognizing their duty to supplement discovery – produced the requested information when it became known to them.

Rule 37 of the Federal Rules of Civil Procedure dictates the procedure for requesting an order to compel disclosure or discovery.  *See* Fed. R. Civ. P. 37(a).   To obtain sanctions under Rule 37 for failure comply with discovery obligations, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999).   One such sanction is to "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(vii).   Although Plaintiff asks for Defendants to be found in contempt, he identifies no order to compel, and absent such an order (and a violation of that order), there are no grounds for this Court to issue *any* sanctions pursuant to Rule 37(b).

In sum, upon review of the record, the undersigned finds no basis for concluding Defendants violated either this Court's initial scheduling order or the Federal Rules of Civil Procedure in their response to Plaintiff's August 2023 request for production, or in their October 2023 disclosure of Plaintiff's September 15, 2022, letter to Defendant Cantrell.   Accordingly, Plaintiff's Motion for Contempt (ECF No. 60) should be denied.

One final matter requires attention. This is one of seven civil rights actions Plaintiff has initiated in this District concerning his pretrial incarceration at the Washington County Detention Center ("WCDC").   *See Scharnhorst v. Cantrell et al.*, 5:22-CV-05138-TLB (W.D. Ark. July 15, 2022); *Scharnhorst v. Helder*, 5:22-CV-05167-TLB-CDC (W.D. Ark. Aug. 10, 2022); *Scharnhorst v. Cantrell, et al.*, 5:22-CV-05176-TLB-CDC (W.D. Ark. Aug. 30, 2022); *Scharnhorst v. Cantrell, et al.*, 5:22-CV-05218-TLB-CDC (W.D. Ark. Oct. 19, 2022); *Scharnhorst*

*v. Cantrell et al.*, 5:22-CV-05232-TLB-CDC (W.D. Ark. Nov. 28, 2022); *Scharnhorst v. Ake et al.*, 5:22-CV-05243-TLB-CDC (W.D. Ark. Dec. 19, 2022).[4]   Plaintiff remains in the custody the Arkansas Division of Correction ("ADC") and is proceeding *pro se*.   This Court recognizes that these factors likely complicate Plaintiff's efforts to manage the disclosures he receives from Defendants.   These factors, however, do not excuse Plaintiff from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

At its core, Plaintiff has alleged a discovery dispute. (ECF No. 60). This Court's scheduling order, (ECF No. 25), Local Rule 7.2(g), and Federal Rule of Civil Procedure 37(a)(1) all require parties to make good faith attempts to resolve discovery disputes before involving the Court. Indeed, in the Western District, if a discovery-enforcement motion (such as Plaintiff's) lacks a statement affirming that the parties have conferred about the issue in good faith, the motion may be summarily dismissed for failure to comply with Local Rule 7.2(g). There is nothing in Plaintiff's Motion for Contempt to suggest that he first attempted to confer with Defendants about this discovery dispute before filing a contempt motion with the Court. (ECF No. 60).   Plaintiff is reminded that even though he is proceeding *pro se* and is untrained in the law, he is nonetheless expected to comply not only with Court orders but all relevant procedural and substantive law.

## IV.   CONCLUSION

Accordingly, for the reasons stated, this Court recommends that Plaintiff's Motion for Contempt (ECF No. 60) be **DENIED**.

---

[4] On this Court's recommendation, Judge Brooks granted Defendants' Motion for Summary Judgment and dismissed *Scharnhorst v. Cantrell, et al.*, Case No. 5:22-CV-05176 (W.D. Ark. Aug. 30, 2022), with prejudice. *See* Case No. 5:22-CV-05176 (ECF No. 74).   All other cases remain pending at various stages of litigation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

RECOMMENDED this 26th day of March 2024.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE